UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ESTEBAN GONZALES,<br><br>                        Plaintiff,<br><br>    - against -<br><br>HASTY, et al.,<br><br>                        Defendants. | REPORT AND<br>RECOMMENDATION<br><br>05 Civ. 6076 (RMB) (RLE) |

To the HONORABLE RICHARD M. BERMAN, U.S.D.J.:

## I. INTRODUCTION

Esteban Gonzalez ("Gonzalez"), who is incarcerated, brings this action *pro se* against former and current employees of the Bureau of Prisons ("BOP") in their individual capacities seeking money damages under **Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics**, 403 U.S. 388 (1971), for alleged constitutional violations regarding the conditions of his confinement at the Metropolitan Correctional Center ("MCC") in New York, New York, and at the Metropolitan Detention Center ("MDC") in Brooklyn, New York. On July 8, 2005, the Honorable Richard M. Berman referred this case to the undersigned for dispositive motions. Before the Court is defendants' motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(b)(3) and 12(b)(6). Defendants claim that this action is barred by the statute of limitations, and that the Southern District of New York is an improper venue. Memorandum of Law in Support of Represented Federal Defendants' Motion to Dismiss the Complaint ("Def. Mot.") at 2. For the following reasons, I recommend that defendants' motion be **GRANTED**.

## II. BACKGROUND

On May 31, 2005, Gonzalez filed a complaint alleging various constitutional violations arising out of his continued placement in the Special Housing Unit ("SHU"), first at MCC from February 28, 1999, to July 2001, and then at the same unit in the MDC in Brooklyn from July 2001 to May 11, 2002. Bivens Complaint ("Compl.") at ¶ 4. In his complaint, Gonzalez names certain current and former employees at the MCC: Dennis Hasty ("Hasty"), Gregory Parks ("Parks"), Robert Perkins,[1] Randall Powers ("Powers"), Nelson Aponte ("Aponte"), John Feeney ("Feeney"), Michael Barry ("Barry"), Lt. Guirino[2] ("Guirino"), Juan Rodriguez ("Rodriguez"), James Veneroni ("Veneroni"), and Dr. Kawerski[3] (collectively, the "MCC defendants"). Hasty and Parks were wardens at the MCC between February 28, 2001, and July 2001. Compl. ¶ at 4. Gonzalez also names certain current and former employees at the MDC: Hasty, James Sherman ("Sherman"), Douglas White ("White"), Salvatore Lopresti ("Lopresti"), Daniel Ortiz ("Ortiz"), Steven Barrere ("Barrere"), and Parry Hess ("Hess") (collectively, the "MDC defendants"). Def. Mot. at 3-4. Hasty was warden at the MDC from at least July 2001 to April 2002. Compl. at ¶ 4.

The principal named defendant, Hasty, was warden of the MCC when Gonzalez was incarcerated there, and warden of the MDC when Gonzalez was incarcerated at that facility. Memorandum in Opposition to Motion to Dismiss Under Rule 12 (b), Federal Rules of Civil Procedure ("Opp. Mot.") at 3.

---

[1] Defendants state that Robert Perkins is deceased. Def. Mot. at 3.

[2] Defendants claim that the U.S. Attorney's Office is not aware of any former or current BOP employee named Guirino who worked at the MCC at the relevant time.

[3] Defendants claim that the U.S. Attorney's Office is not aware of any former or current BOP employee named Kawerski who worked at the MCC at the relevant time.

2

Gonzalez alleges a conspiracy led by Hasty and facilitated by the actions of both the MCC and MDC employees to deny him due process of law under the Fifth and Fourteenth Amendments by unlawfully holding him in the SHU for a period of almost eleven hundred days. Opp. Mot. at 4. Gonzalez alleges that Hasty made it known to other defendants that he had a personal vendetta against Gonzalez and that he would ensure that Gonzalez would be held in SHU under any circumstances. Compl. at ¶ 23. Gonzalez asserts that defendants' conspiratorial actions were retaliation against him because he told defendant Hasty that he was a "racist and evil person who favored white inmates who held racist views and were involved in violence against minorities." Compl. at ¶ 26. Specifically, Gonzalez claims that MCC defendants failed to hold the requisite hearings to review his detention. **Id**. at ¶ 19. Instead, they forged papers to make it appear that they conducted the required hearings. **Id**. at ¶ 20. He alleges that defendants Barry, Gurino, and Rodriguez told him that Hasty ordered that he remain in SHU confinement. **Id**. He claims that defendants Hasty, Parks, Perkins, Powers, Feeny, Aponte, and Veneroni were aware of the practice of falsifying records to maintain the appearance that they were conducting the required due process hearings, and that they refused to report it to Hasty's superiors. **Id**. Gonzalez further alleges that the MCC defendants intentionally failed to conduct the meaningful psychological assessments, which are statutorily mandated, to address his need for SHU confinement. **Id**. at ¶ 25. Moreover, Gonzalez contends that he was transferred to the MDC on July 24, 2001, and was placed by defendant White in administrative detention without an order providing meaningful notice of the reasons for his confinement. **Id**. ¶ 28. Gonzalez claims that MDC defendants also failed to follow the required procedures, including providing notice to him about his administrative detention and disciplinary charges and providing the required hearings. **Id**. at

3

¶ 29. He alleges that Wardens Hasty and Parks each had ultimate responsibility for the maintenance and security of their respective facilities, and for the training of the employees to carry out the administration, maintenance, and security of each facility while serving as Warden. **Id**. at ¶ 4.

Gonzalez further alleges that upon his transfer to MDC on July 24, 2001, he was again placed in administrative detention by White without reason. **Id**. ¶ 28. He claims that he was also denied his due process rights to have administrative and disciplinary hearings at MDC, **id**. ¶ 29 and that his continued confinement in SHU was part of the ongoing retaliation by Hasty, who became warden at MDC in July 2001. **Id**. ¶¶ 4, 29.

### III. DISCUSSION

**A. Standard of Review for Motion to Dismiss**

When ruling on a motion to dismiss, the Court confines its evaluation to the facts stated in the complaint. The Court "may dismiss the complaint only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." **Sykes v. James**, 13 F.3d 515, 519 (2d Cir. 1993) (internal quotations and citations omitted). Furthermore, *pro se* plaintiffs' pleadings must be construed liberally in a light most favorable to them "to raise the strongest argument that they suggest." **Graham v. Henderson**, 89 F.3d 75, 79 (2d Cir. 1996) (*quoting* **Burgos v. Hopkins**, 14 F.3d 787, 790 (2d Cir. 1994)). The Court will grant a motion to dismiss pursuant to 12(b)(6) if, taking the plaintiff's allegations as true, "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." **Conley v. Gibson**, 355 U.S. 41, 45-46 (1957); *see also* **Henderson v. Doe**, 1999 WL 378333, at *1 (S.D.N.Y. June 10, 1999).

### B. Gonzalez Alleges No Set of Provable Facts to Establish his Claims

Defendants argue that Gonzalez's claims against the MCC defendants should be dismissed because those claims are barred by the statute of limitations. Def. Mot. at 5. They maintain that the last date noted in the complaint alleging injury at the MCC occurred outside the three-year statute of limitations period that applies to **Bivens** claims accruing in New York. **Id.** at 5-6. Specifically, the last date cited in Gonzalez's complaint alleging injury at the MCC is July 2001 and the lawsuit was received by the *Pro Se* Office on May 31, 2005 – nearly a year after the statute of limitations expired. **Id**. at 6. Gonzalez agrees that this action is governed by a three-year limitations period, but argues that the action is timely under the continuing tort doctrine. Opp. Mot. at 8-9. Gonzalez argues that the injuries suffered at the MCC are part of a continuous series of constitutional violations with the action accruing on the date of the last injury. **Id.** at 9-10.

Defendants further argue that dismissal of the claims against the MDC defendants is warranted because the Southern District of New York is not the proper venue because all events or omissions giving rise to Gonzalez's claims took place outside of this District. Def. Mot. at 6-8. Gonzalez maintains that the injury suffered at MDC was part of a continuous course of conduct by the Bureau of Prisons that extended from Gonzalez's incarceration at the MCC through his incarceration at MDC. Opp. Mem. at 11. As stated above, Gonzalez sets forth in his complaint various allegations regarding the conspiracy led by Warden Hasty to deny him his due process rights and hold him unlawfully in administrative detention in both the MCC and the MDC.

Even under the most liberal construction afforded to *pro se* litigants, the complaint fails

5

to establish a provable claim. The complaint is comprised of a set of bare allegations without any demonstrable basis for Gonzalez's knowledge of these facts, or how he would prove them. The Second Circuit has made clear that "[a] complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss." **Sommer v. Dixon**, 709 F.2d 173, 175 (2d Cir.) (*per curiam*) (*pro se* prisoner civil rights complaint dismissed for failure to state claim against prison officials as a result of alleged conspiracy to file false reports against prisoner, resulting in his segregated confinement, and the eventual destruction of his legal and personal property were dismissed because the allegations as to conspiracy were vague and unsupported by description of particular overt acts); *see also* **Angola v. Civiletti**, 666 F.2d 1, 4 (2d Cir.1981) (because a claim of conspiracy to violate civil rights is so easily made and can disrupt governmental functions, a detailed fact pleading is required to withstand motion to dismiss); **Contemporary Mission, Inc. v. United States Postal Serv**., 648 F.2d 97, 107 (2d Cir.1981), *cert. denied*, 464 U.S. 857 (1983) ("An opposing party's mere hope that further evidence may develop prior to trial is an insufficient basis upon which to justify the denial of the motion.") (*citing* **Neely v. St. Paul Fire & Marine Ins. Co.**, 584 F.2d 341, 344 (9th Cir. 1978)); **Polur v. Raffe**, 912 F.2d 52, 56 (2d Cir.1990), *cert. denied*, 499 U.S. 937 (1991) (attorney did not adequately allege conspiracy by former client, state judge, lawyer and law firm to convict him of criminal contempt because he failed to plead any overt acts or provide a basis in fact for his claim); **Zemsky v. City of New York**, 821 F.2d 148, 151 (2d Cir.), *cert. denied*, 484 U.S. 965 (1987) (teacher's civil rights claims that municipal defendants conspired to suppress evidence in connection with his state court action were properly dismissed because the complaint "fail[ed] to state, with any degree of particularity, the purpose

6

of or any overt acts perpetrated by defendants which reasonably relate to the claimed conspiracies.")

With the exception of his allegation that Barry, Gurino, and Rodriguez told him they did not have authority to release him from SHU and that Hasty ordered his SHU confinement, compl. at ¶ 20, there is no evidence of how Gonzalez became personally aware of these facts. For example, Gonzalez alleges that Hasty made it known to other defendants that Hasty had a personal vendetta against him, **id**. at ¶ 23, but fails to set forth any facts as to how he became aware of that information. Nor does there exist any basis for proving his claims of violations of his rights under the First, Fifth, and Eighth Amendments, outside the conclusory allegations. Although Gonzalez alleges that Barry, Gurino, and Rodriguez "filled out hearing forms to make it falsely appear that they were conducting the required due process hearings, when in fact they were not doing so," **id**. at ¶ 20, even assuming the truth of this allegation, the documentary evidence produced would show the opposite. *See* **Sommers**, 709 F.2d at 174. Notwithstanding a liberal construction, Gonzalez cannot prove a set of facts to establish his claims. The Federal Rules of Civil Procedure require a complaint to demonstrate more than mere statements of belief to survive a motion to dismiss on the pleadings.

Even if Gonzalez had adequately pled allegations of a conspiracy at the MCC, that conspiracy ended when Hasty left the MCC in July 2001, and that claim would be barred by the three year statute of limitations. *See* **Kronisch v. United States**, 150 F.3d 112, 123 (2d Cir. 1998) ("Federal courts in New York apply a three-year statute of limitations period to **Bivens** claims."). Any conspiracy to deprive him of his constitutional rights at the MDC would constitute a new conspiracy, and the Southern District would not be the proper venue under 28

7

U.S.C.A. § 1391(b)(2), which provides that venue is proper where a substantial part of the events or omissions giving rise to the claim occurred. *See* **Astor Holdings, Inc. v. Roski**, 2002 WL 72936, *8 (S.D.N.Y., Jan. 17, 2002) (once objection to venue is raised, plaintiff must demonstrate that venue is proper for each claim asserted in his complaint.) Therefore, any claims against the MCC should be dismissed under 12(b)(6) on statute of limitations grounds. Furthermore, any claims against the MDC should be dismissed uner 12(b)(3) for improper venue.

### IV. CONCLUSION

For the reasons set forth above, I recommend that defendants' motion to dismiss on the pleadings be **GRANTED** under 12(b)(6) for failure to state a claim. In the alternative, the claims against MCC should be dismissed under 12(b)(6) on statute of limitation grounds, and the claims against MDC should be dismissed under 12(b)(3) for improper venue.

Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have ten (10) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable Richard M. Berman, 500 Pearl Street, Room 650, and to the chambers of the undersigned, Room 1970. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See* **Thomas v. Arn**, 474 U.S. 140, 150 (1985); **Small v. Secretary of Health and Human Services**, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636(b)(1) (West Supp. 1995); Fed. R. Civ. P. 72, 6(a), 6(e).

DATED: February 26, 2007
New York, New York

Respectfully Submitted,

*[signature: Ronald Ellis]*

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

Copies of this Report and Recommendation were sent to:

Counsel for Plaintiff
Bernard V. Kleinman
Two Gannett Drive, Suite 102
White Plains, NY 10604-3404


Counsel for Defendants
Brian M. Feldman
Assistant United States Attorney
U.S. Department of Justice
Southern District Of New York
86 Chambers Street
New York, NY 10007

9